IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,** | CASE NO. 3:25 CV 2149 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **MICHELLE IRELAND,** | |
| Defendant. | **ORDER** |

Currently pending before the Court in this state law tort case is Defendant Michelle Ireland's Motion to Stay Proceedings. (Doc. 7). Plaintiff National Union Fire Insurance Company of Pittsburgh, PA opposes. (Doc. 8). Jurisdiction is proper under 28 U.S.C. § 1332.

Defendant, who is proceeding *pro se* and is currently incarcerated on a related conviction, seeks a stay of this matter until October 1, 2026. (Doc. 7, at 1). She asserts she is eligible for release in September 2026 and will then "be in a better position to confer with counsel for her defense in these proceedings or, should she need to proceed pro se, . . . be in a better position to access necessary books, records, and other materials pertinent to her defense." *Id.*

The Court, however, agrees with Plaintiff that a stay is neither necessary nor appropriate.

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (internal quotation marks omitted) (quoting *Ohio Env't Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and

that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council*, 565 F.2d at 396.

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948), *overruled on other grounds by McClesky v. Zant*, 499 U.S. 467 (1991). And Defendant has not demonstrated a "pressing need for delay." Incarcerated litigants participate in civil litigation regularly and, as Plaintiff points out, there are solutions to the potential logistical problems presented by Defendant's incarceration. *See* Doc. 8, at 2-3. Moreover, the Court finds granting such a stay would prejudice Plaintiff's right to timely adjudication of its claims. *See Ohio Env't Council*, 565 F.2d at 396 ("[I]t is also clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay.").

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Stay Proceedings (Doc. 7) be, and the same hereby is, DENIED.

    s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2026